**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION**

FILED
JAMES BONINI
CLERK

2009 SEP 29 A 11: 10

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| J.M., a minor child, by and through his next friend P.M., c/o Sirkin Pinales & Schwartz LLP 105 West Fourth Street, Suite 920 Cincinnati, Ohio 45202, | Case No. _____ Judge _____ |

**2:09 cv 855**

**JUDGE WATSON
MAGISTRATE JUDGE ABEL**

Plaintiff,

v.

RICHARD N. HENDERSON,
In His Official Capacity,
Pike County Sheriff,
116 South Market Street,
Waverly, Ohio 45690;

PIKE COUNTY SHERIFF'S
DEPARTMENT,
116 South Market Street,
Waverly, Ohio 45690;

BEVERLY FERRAZZI
In Her Official Capacity,
Administrative Secretary of the Pike
County Sheriff Department,
Communication Division,
116 South Market Street,
Waverly, Ohio 45690

NOTIFICATION IS PREVENTION
FOUNDATION,
Post Office Box 656,
Mandeville, Louisiana 70470;

   Defendants.

**COMPLAINT FOR
DECLARATORY, MONETARY,
AND INJUNCTIVE RELIEF**

Comes now Plaintiff J.M.., who for his complaint against Defendants Richard N. Henderson. in his official capacity, the Pike County Sheriff's Department. Beverly Ferrazzi in her official capacity as the Administrative Secretary for the Pike County Sheriff Department's Communication Division, and the Notification is Prevention Foundation. states the following:

## PRELIMINARY STATEMENT

1. This is an action under the laws and Constitution of the United States, as well as the laws and Constitution of the State of Ohio, to redress the unlawful conduct of Defendants Richard N. Henderson, in his official capacity as Pike County Sheriff, the Pike County Sheriff's Department, Beverly Ferrazzi in her official capacity as the Administrative Secretary, and the Notification is Prevention Foundation subjecting Plaintiff J.M., a minor child, to unauthorized community notification of his sex offender status under color of state law. By subjecting J.M. to unauthorized community notification, Defendants have violated J.M.'s constitutional rights to substantive and procedural due process and to protection from cruel and unusual punishment. Defendants, intentionally inflicting emotional distress on J.M., have engaged in statutorily prohibited conduct constituting an impermissible invasion of J.M.'s privacy. By this complaint, J.M. seeks declaratory, injunctive, and monetary relief to address Defendants' unlawful actions in violation of the Eighth and Fourteenth Amendments and other aspects of state and federal law.

## JURISDICTION

2. Jurisdiction is conferred on this Court by virtue of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3), which authorize the federal courts to resolve federal constitutional questions. This Court may exercise pendent jurisdiction over Plaintiff's state law claims on the basis of 28 U.S.C. § 1367.

2

3. Venue is proper in this district and division as the various acts which form the basis of this complaint occurred within the Southern District of Ohio, Columbus Division.

## PARTIES

4. Plaintiff J.M. is a seventeen year-old minor child and a lifelong resident of Pike County, Ohio. He sues by and through his father and next friend, P.M. Due to the sensitive nature of this suit, both seek to proceed in pseudonym to protect their right to privacy.

5. Defendant Richard N. Henderson is and at all relevant times has been the sheriff of Pike County, Ohio.

6. Defendant Pike County Sheriff's Department is the division of county government responsible for overseeing the registration obligations and community notification of sex offenders residing in Pike County, Ohio.

7. Defendant Beverly Ferrazzi is and at all relative times has been the administrative secretary for the Communications Division of the Pike County Sheriff's Department.

8. Defendant Notification is Prevention Foundation is a nonprofit corporation that assists state and local governments establish and maintain sex offender registration, verification, and notification systems, including the notification program implemented in Pike County, Ohio.

## STATEMENT OF THE FACTS

9. Several years ago, J.M., a juvenile, was adjudicated delinquent in Fairfield County on two counts of rape and was subsequently classified as a Tier III juvenile delinquent in accordance with Ohio Rev. Code § 2152.83(C)(1). At the time of classification, J.M. was fifteen.

10. Along with the obligations attached to Tier III juvenile delinquent classification, the presiding judge ordered that J.M. be subject to Ohio's electronic sex offender registration and

3

notification website (eSORN). Pursuant to this order, Defendant Pike County Sheriff's Department, Defendant Henderson, and Defendant Beverly Ferrazzi placed J.M.'s information on the eSORN website.

11. Pursuant to Ohio Rev. Code § 2950.11(F), J.M., only fifteen, should not have been subjected to eSORN without a proper hearing and sufficient findings. J.M. was wrongfully subjected to eSORN, a fact later admitted by the prosecution and juvenile court.

12. Approximately one year later, the Ohio Public Defender's Office, acting on J.M.'s behalf, obtained a writ of mandamus to remove J.M. from eSORN. The Court agreed that J.M.'s subjection to eSORN was in error and ordered Defendant Pike County Sheriff's Department to remove J.M. from eSORN.

13. Defendant Pike County Sheriff's Department removed J.M.'s information from eSORN. However, without any order from the court, and in direct violation of the duty to follow the judicial revocation, Defendant Pike County Sheriff's Department, Defendant Henderson, and Defendant Beverly Ferrazzi instead began sending out postcard notification to the community revealing J.M.'s name, photograph, information, incorrect adult age, and sex offender status, with the cooperation of Defendant Notification is Prevention Foundation.

14. Defendants' actions were made possible only because they were clothed with the authority of state law, by both acting as government agents and performing a governmental function.

15. As a direct and proximate result of Defendants' unauthorized distribution of postcards displaying J.M.'s personal and identifying information, J.M. has suffered severe emotional and psychological injury. J.M. is and has been undergoing regular counseling in order to cope with the

4

trauma stemming from Defendants' actions. Despite therapy, J.M. now suffers from severe anxiety and near-constant tremors.

16. In addition to the emotional and psychological damage Defendants have caused to J.M., J.M.'s family has suffered economic damage as a result of Defendants' unauthorized actions. J.M.'s family is now forced to move away from the community wrongfully notified by Defendants' unauthorized actions. None of these damages would have occurred had Defendants not improperly and unlawfully subjected J.M. to community notification of his otherwise private sex offender status.

## STATEMENT OF THE CLAIMS

### Claim One:
### Violation of Fourteenth Amendment Due Process
### under 42 U.S.C. § 1983

17. Plaintiff realleges and incorporates by reference each and every paragraph of the foregoing complaint.

18. Defendants, acting under color of state law, infringed upon Plaintiff's constitutional right to due process, in violation the Fourteenth Amendment.

19. Defendants' outrageous and unauthorized conduct subjected J.M. to community notification in violation of both a court order and statutory hearing requirement.

20. Defendants' unauthorized conduct deprived Plaintiff of a constitutionally protected liberty interest without adequate process. Defendants' conduct both ignored the judicial decision preceding the issuance of postcards, and continued to deny Plaintiff the requisite hearing necessary before Plaintiff, a minor child, be subjected to community notification. Defendants' actions were not preceded by notice nor an opportunity for hearing.

21.     Further, Defendants, acting under color of law and in direct defiance of a judicial order, continued to publicly disclose the private facts regarding J.M.'s juvenile offenses, despite the fact that automatic notification is not available for juveniles specifically to protect the privacy of vulnerable minor children. Defendants' actions violated Plaintiff's right to privacy, as protected by the Fourteenth Amendment Substantive Due Process doctrine.

22.     Plaintiff is therefore entitled to a declaration that Defendants' conduct violated his due process rights secured by the Fourteenth Amendment, as well as injunctive relief and monetary damages.

### Claim Two:
### Violation of Eighth Amendment
### Prohibition Against Cruel and Unusual Punishment
### under 42 U.S.C. § 1983

23.     Plaintiff realleges and incorporates by reference each and every paragraph of the foregoing complaint.

24.     Defendants, acting under color of state law, infringed upon Plaintiff's fundamental right to be free from cruel and unusual punishment, in violation of the Eighth Amendment.

25.     Defying a court order declaring that Plaintiff was not to be subject to community notification as a result of his delinquency, Defendants nevertheless continued to subject Plaintiff to community notification.

26.     Because Defendants subjected J.M. to community notification in violation of both a court order and statutory hearing requirement, the imposition of community notification was both barbaric and disproportionate. The system of justice demands adherence to court orders. Malicious,

rebellious, and unauthorized acts of law enforcement vigilantism shock the moral sense of community.

27. The violation of the court order directing that community notification cease, coupled with J.M.'s heightened privacy needs as a minor child subjected J.M. to a serious deprivation.

28. Defendants, knowingly violating a court order, intended the harm caused by their unauthorized actions against J.M. Defendants' malicious intent is visible in their shocking disregard of both statutory law and judicial instruction.

29. Plaintiff is therefore entitled to a declaration that Defendants' conduct constituted cruel and unusual punishment in violation of his Eight Amendment rights, and monetary damages.

## Claim Three:
## Conspiracy to Violate Fourteenth Amendment Rights
## under 42 U.S.C. § 1985

30. Plaintiff realleges and incorporates by reference each and every paragraph of the foregoing complaint.

31. Led by Defendant Henderson, each and every Defendant named above conspired together to violate Plaintiff's Fourteenth Amendment rights by ignoring the judicial decision preceding the issuance of postcards, and continuing to deny Plaintiff the requisite hearing necessary before Plaintiff, a minor child, be subjected to community notification. Defendants' actions were not preceded by notice nor an opportunity for hearing.

32. The circulation of community notification postcards constitutes overt action in furtherance of the civil rights conspiracy. Given the fact that the circulated postcards were issued at the instruction of Defendant Henderson, bear the endorsement of Defendant Pike County Ohio Sheriff's Office, and allegedly as part of both Defendants' responsibility in overseeing the

7

registration obligations and community notification of sex offenders residing in Pike County, Ohio, this action was taken under color of state law and was for the unlawful purpose of violating Plaintiff's Fourteenth Amendment rights.

### Claim Four:
### Invasion of Privacy
### Publication of Private Facts

33. Plaintiff realleges and incorporates by reference each and every paragraph of the foregoing complaint.

34. Without authorization, in direct defiance of a judicial order, and under color of state law, Defendants continued to publicly disclose the private facts regarding J.M.'s juvenile offenses. J.M. is not only a private individual, but a minor child.

35. Defendants defiantly publicized these private facts following a court order expressly directing the removal of the facts from the public eye. The distinction between automatic notification for adult offenders and discretionary notification for juvenile delinquents seeks to protect the privacy of minor children. Defendants blatantly disregarded the court's direction that the private concerns of J.M. be protected.

36. The private facts Defendants publicized are damaging, embarrassing, and highly offensive and objectionable to a reasonable person.

37. Plaintiff is therefore entitled to a declaration that this activity constituted an invasion of privacy, and monetary damages.

## Claim Five:
## Abuse of Process

38.   Plaintiff realleges and incorporates by reference each and every paragraph of the foregoing complaint.

39.   Defendants maliciously misused legal process to accomplish a purpose not warranted by law. Ignoring the court order directing the termination of community notification, Defendants began sending community notification postcards, an act that was improper and unauthorized in the normal context of the proceedings and demonstrated Defendants' malicious and ulterior motives.

40.   Defendants' objective was without legal justification and outside the legitimate ends of process. Procedural due process forbids the use of legal process in this manner.

41.   Plaintiff is therefore entitled to a declaration that Defendants' conduct constituted abuse of process, in violation of due process rights secured by the Fourteenth Amendment, and monetary damages.

## Claim Six:
## Malicious Prosecution

42.   Plaintiff realleges and incorporates by reference each and every paragraph of the foregoing complaint.

43.   The court improperly attached eSORN requirements to Plaintiff's tier assignment. Pursuant to that instruction, Defendant Henderson, Defendant Ferrazzi, and Defendant Pike County Sheriff's Department placed J.M.'s information on the eSORN website.

44.   Plaintiff successfully obtained a writ of mandamus removing himself from eSORN, terminating the community notification in his favor. Correcting the mistake, the court ordered that Plaintiff was not to be subject to community notification and instructed Defendant Henderson,

9

Defendant Ferrazzi, and Defendant Pike County Sheriff's Department to remove Plaintiff's information from eSORN.

45. Defendant Henderson, Defendant Ferrazzi, and Defendant Pike County Sheriff's Department complied in part, removing Plaintiff's information from eSORN, but immediately collaborated with Defendant Notification is Prevention Foundation, sending out postcards bearing the same information instead.

46. Brazenly ignoring the court's instruction, Defendants demonstrated malice in causing process to continue to issue without justification.

47. Plaintiff is therefore entitled to a declaration that Defendants' conduct constituted malicious prosecution, in violation of due process rights secured by the Fourteenth Amendment, and monetary damages.

### Claim Seven:
### Intentional Infliction of Emotional Distress

48. Plaintiff realleges and incorporates by reference each and every paragraph of the foregoing complaint.

49. As a direct and proximate cause of Defendants' conduct continuing unauthorized community notification, Plaintiff suffered serious emotional and psychological injury. Plaintiff is and has been undergoing regular counseling and suffers from severe anxiety and near-constant tremors. No reasonable minor child could be expected to endure the destruction of privacy caused by Defendants.

10

50. Defendants, intentionally choosing to ignore a judicial order regarding the privacy of a minor child, either intended to cause emotional distress or knew or should have known that their actions would result in serious emotional distress to Plaintiff.

51. Overriding a judicial order without authorization and with respect to the privacy of a minor child is conduct so extreme and outrageous as to go beyond all possible bounds of decency. Acting with disregard and contempt for the special privacy rights of a minor child, Defendants' actions went beyond all possible bounds of decency and are utterly intolerable in a civilized community.

52. Plaintiff is therefore entitled to a declaration that Defendants' conduct constituted intentional infliction of emotional distress, and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff J.M., a minor child, by and through his next friend P.M., prays for the following relief from Defendants Richard N. Henderson, in his official capacity; Beverly Ferrazzi, in her official capacity; the Pike County Sheriff's Department; and the Notification is Prevention Foundation:

1. Declare that Defendants' conduct violated 42 U.S.C. § 1983, 42 U.S.C. § 1988, constituted an abuse of process, cruel and unusual punishment, an invasion of privacy, and intentional infliction of emotional distress;

2. Award monetary compensation as follows:

   a) Award Plaintiff J.M. the value of his actual economic injury, including but not limited to medical expenses and expenses incurred preparing to move and moving from the local community as a result of Defendants' unlawful conduct;

11

      b)     Award Plaintiff J.M. the value of the emotional distress, pain, and suffering incurred as a result of Defendants' unlawful conduct;

3. Permit J.M. and P.M. to proceed in pseudonym to protect their privacy;

4. Pursuant to 42 U.S.C. § 1988, award Plaintiff's reasonable attorney fees and costs;

5. Issue preliminary and permanent injunctive relief prohibiting Defendants from subjecting J.M. to future community sex offender notification; and

6. Award such other and further relief as the court may deem just and proper.

Respectfully submitted,

*/s/ Jennifer Kinsley*

JENNIFER M. KINSLEY (Ohio Bar No. 0071629)
Sirkin Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202
(513) 721-4876
jkinsley@sirkinpinales.com

Counsel for Plaintiff J.M.