IN THE UNITED STATES DISTRICT COURT
SOUTHDRN DISTRICT OF OHIO
COLUMBUS DIVISION

| | | |
|---|---|---|
| J.M., a minor child, by and through his next friend P.M.<br>c/o Sirkin Pinales & Schwartz LLP<br>105 West Fourth Street Suite 920<br>Cincinnati, Ohio 45202 | :<br>:<br>:<br>: | |
| Plaintiff | : | CASE NO.  2:09-CV-855 |
| v. | : | |
| RICHARD N. HENDERSON<br>In His Official Capacity,<br>Pike County Sheriff,<br>116 South Market Street,<br>Waverly, Ohio 45690 | :<br>:<br>:<br>: | **JUDGE ABEL** |
| PIKE COUNTY SHERIFF'S DEPT.<br>116 Market Street<br>Waverly, Ohio 45690 | :<br>:<br>: | |
| BEVERLY FERRAZZI<br>In Her Official Capacity,<br>Administrative Secretary of the Pike County Sheriff Dept.<br>Communication Division,<br>116 Market Street<br>Waverly, Ohio 45690 | :<br>:<br>:<br>:<br>:<br>: | |
| NOTIFICATION IS PREVENTION FOUNDATION<br>PO Box 656<br>Manderville, Louisiana 70470 | :<br>:<br>: | |
| Defendants | : | |

***ANSWER OF DEFENDANTNOTIFICATION IS PREVENTION FOUNDATION PLAINTIFF'S COMPLAINT***

Now come the Defendant, Notification is Prevention Foundation and setting forth a response to the Plaintiff's Complaint, responding that:

1. The Defendants deny any factual allegation as set forth in the preliminary statement identified as paragraph one in the Plaintiff's Complaint.

2. The Defendants would acknowledge that if there is a claim purposely set forth, then there would be jurisdiction in this Court though the Defendants deny that there exists sufficient basis for a claim.

1

3. Admit.

4. The Defendants acknowledge to the best of their knowledge, Plaintiff J.M. is a seventeen year old minor. The Defendants lack sufficient information to set forth a further response to any allegations set forth in Paragraph 4 and thus, deny any further allegation as set forth for lack of sufficient information to set forth a further response thereto.

5. Plaintiff, Henderson admits that he has been Sheriff of Pike County since January, 2009.

6. The Defendants deny that the Pike County Sheriff's Office is a government entity or that it has any statutory standing as a political sub division and denies that it has the ability to sue or be sued.

7. Admit.

8. The Defendants lack sufficient information to set forth a full and detailed response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, denies such for lack of sufficient information to set forth a full and detailed response thereto.

9. The Defendants lack sufficient information to set forth a full and detailed response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore, denies such for lack of sufficient information to set forth a full and detailed response thereto.

10. The Defendants acknowledge that there exists a court order for J.M. to be subject to Ohio's electronic sex offender registration and notification website and that they acted pursuant to this order to carry out the order. The Defendants will deny any other allegations that may be set forth in Paragraph 10.

11. The Defendants lack sufficient information to set forth a full and detailed response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore, denies such for lack of sufficient information to set forth a full and detailed response thereto.

12. The Defendants admit they received an order that J.M. be removed from eSORN.

13. Upon receiving the court order the sheriff's office immediately notified the Attorney General who is in charge of removing any information from eSORN and provided a copy of the Order to the Attorney General.

The Defendants deny they began sending out post cards and notification as set forth as alleged in Paragraph 13. The Defendants state they were not ordered to stop post card notification and that post card notification had already been initiated.

14. The Defendants acknowledge that they were acting under color of state law in their official capacity with the sheriff's office.

15. Deny.

16. Deny

17. The Defendants incorporate all responses set forth prior hereto. The Defendants would deny any further allegations set forth in this Paragraph 17.

18. Deny

19. Deny

20. Deny

21. Deny

22. Deny

23. The Defendants incorporate all responses set forth prior hereto.

The Defendants would deny any further allegations set forth in this Paragraph 23.

24. Deny

25. Deny

26. Deny

27. Deny

28. Deny

29. Deny

30. The Defendants incorporate all responses set forth prior hereto.

The Defendants would deny any further allegations set forth in this Paragraph 30.

31. Deny

32. Deny

33. The Defendants incorporate all responses set forth prior hereto.

The Defendants would deny any further allegations set forth in this Paragraph 33.

34. Deny

35. Deny

36. Deny

37. Deny

38. Deny

39. Deny

40. Deny

41. Deny

42. The Defendants incorporate all responses set forth prior hereto.

The Defendants would deny any further allegations set forth in this Paragraph 42.

43. The Defendants acknowledge they acted pursuant to Court Order

they received regarding information on the eSORN website.  The Defendants lack sufficient information to set forth a full and detailed response to the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint, and therefore, denies such for lack of sufficient information to set forth a full and detailed response thereto.

44. The Defendants acknowledge that the Plaintiffs successfully obtained a written mandamus removing him from eSORN but denies that the Court Order indicated any termination of other community notification.  Defendants acknowledge upon receipt of the second court order terminating community notification that no further community notification was done by these Defendants.

45. The Defendants acknowledge that they complied with the eSORN order and deny that they failed to take the necessary action concerning the public notification.  They state they stopped public notification as soon a they received the Court Order to do so.

46. Deny

47. Deny

48. The Defendants incorporate all responses set forth prior hereto. The Defendants would deny any further allegations set forth in this Paragraph 48.

49. Deny

50. Deny

51. Deny

52. Deny

## DEFENSES

53. The Defendants herein acted pursuant to Court Order, only taking those actions as ordered to do so by the court.

5

54. Upon receiving Court Orders, these Defendants verified the information with the Court before acting.

55. Upon receiving the initial Court Order regarding stopping notification, the Court Order only indicated the name would be removed from eSORN.

56. The postcard notification with the correct age was mailed by the company providing that service prior to receipt of the Court Order to stop public notification.

57. The public notification was made pursuant to Court Order and made prior to receiving any Court Order to stop public notification.

58. The statute of limitations bars these causes of action.

59. The plaintiff fails to state a cause of action upon which relief can be granted upon each cause of action and as against each defendant.

60. The County of Pike is immune from liability for punitive or exemplary damages pursuant to Ohio Revised Code §2744.05.

61. The County of Pike and its employees and office holders are immune from liability pursuant to Ohio Revised Code §2744.02.

62. The County of Pike and its employees and office holders are immune from liability pursuant to Ohio Revised Code §2744.03.

63. The political subdivision herein and its employees at all times acted in good faith and made a good faith effort to substantially comply with all duties required thereof.

64. The Defendant(s) denies any remaining allegations set forth in Plaintiff's Complaint which may not have been specifically adhered to in the Answer.

65. The named Defendant, Pike County Sheriff's Department is not

a political subdivision, and is not a proper party as such department does not have the capacity to sue or be sued.

66. The Plaintiff caused the filing of the Complaint on these Defendants without sufficient factual basis to support the allegations set forth in the Complaint.

67. The Plaintiff's Attorney prepared the Complaint herein against these Defendants without sufficient factual basis to support the filing of the allegations contained as against these Defendants.

68. The Defendants reserve the right to assert any and/or all applicable affirmation defenses which discovery may reveal appropriate.

69. The defendant's actions are protected by qualified immunity.

WHEREFORE, the Defendants herein pray that the Plaintiff's Complaint as set forth herein be dismissed; and further that the Defendants be awarded their costs, attorney fees and such other relief and the Court deems just and proper.

Further, the Defendants pray that the named Defendant, Pike County Sheriff's Department be dismissed as no such public entity exist.

Respectfully Submitted:
LAMBERT LAW OFFICE


 /s/ Randall L. Lambert
**RANDALL L. LAMBERT (0017987)**
COUNSEL FOR DEFENDANTS
215 SOUTH FOURTH STREET
P.O. BOX 725
IRONTON, OHIO 45638
(740) 532-4333


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was forwarded by U.S. Regular

Mail, postage prepaid, on this the 28th day of December, 2009, upon Counsel for Plaintiff:

Jennifer M. Kinsley
Sirkin Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202

        LAMBERT LAW OFFICE

        <u>/s/ Randall L. Lambert</u>
        **RANDALL L. LAMBERT (0017987)**
        COUNSEL FOR DEFENDANTS
        215 SOUTH FOURTH STREET
        P.O. BOX 725
        IRONTON, OHIO 45638
        (740) 532-4333